J-S77006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LIBBY ANN SAMANTHA BELGRAVE | |
| Appellant | No. 390 MDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001890-2014

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 02, 2016**

Appellant, Libby Ann Samantha Belgrave, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, Criminal Division, following her jury trial conviction for criminal trespass.[1] We affirm.

The trial court set forth the facts of this case as follows:

In August [2012], [the c]ourt, by the Honorable Bruce Bratton, awarded Mr. Belgrave [(Appellant's former husband)] sole custody of their two children. Mr. Belgrave resides with the children and his companion, Ms. Tasha Gillis in an apartment at 1417 Market Street, Harrisburg. Judge Bratton's [o]rder directed that [Appellant] exercise visitation under supervision at the Harrisburg YWCA.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

On the morning of March 3, 2014, [Appellant] appeared at Mr. Belgrave's apartment. [Appellant] banged on the door, cursed, and demanded to see the children and accused Mr. Belgrave of kidnapping them. Mr. Belgrave told [Appellant] to stay away. Mr. Belgrave closed the door and called the police. Police arrived and ordered [Appellant] to leave and not return to the apartment building. Police gave Mr. Belgrave a card which documented the warning to [Appellant]. [The police] instructed Mr. Belgrave to [give] the card to police should [Appellant] return. Even after police ordered her to leave, [Appellant] lingered on the sidewalk.

Later that day, [Appellant] returned to the apartment and knocked on the door. As Ms. Gillis opened the door, [Appellant] began screaming about the children. Ms. Gillis told [Appellant] to leave. [Appellant] grabbed Ms. Gillis by the neck and scratched her with either keys or her nails and inflicted a mark near Ms. Gillis' eye. A neighbor intervened. Ms. Gillis called police as [Appellant] drove away in a U-Haul. The U-Haul hit a school vehicle then pulled away without stopping.

Officer Brandon Yeager of the Harrisburg City Police responded to the apartment while other officers located [Appellant]. Officer Yeager observed a scratch and minor swelling on Ms. Gillis.

Officer Yeager met with [Appellant] at 6th and Woodbine Streets where other officers located her. He observed no injuries on [Appellant].

Trial Court Opinion, filed 5/26/16, at 2-3 (internal citations to the record omitted).

Procedurally, the Commonwealth charged Appellant with simple assault and criminal trespass.[2] Following Appellant's failure to appear for her preliminary hearing and the issuance of a bench warrant for her arrest, Appellant entered a plea of "not guilty." The court held a jury trial and the

---

[2] 18 Pa.C.S.A. §§ 2701(a)(1), 3503(b)(1)(i), respectively.

jury convicted Appellant of criminal trespass, but was hung as to whether Appellant committed simple assault. The court sentenced Appellant to 12 months of probation, to pay a fine of $250.00, to complete a psychological examination and 6 classes of an anger management program, and to avoid contact with Ms. Gillis and Mr. Belgrave's residence.

Appellant filed a post sentence motion arguing the jury's verdict was against the weight of the evidence. The court denied Appellant relief. Appellant filed a timely notice of appeal.

Appellant raises two issues for our review:

WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN THE CONVICTION OF [] APPELLANT FOR DEFIANT TRESPASS?

DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL BASED ON THE WEIGHT OF THE EVIDENCE FOR THE OFFENSE [OF] DEFIANT TRESPASS BECAUSE THE VERDICT WAS SO CONTRARY TO THE EVIDENCE TO SHOCK ONE'S SENSE OF JUSTICE?

Appellant's Brief, at 8.

Appellant first challenges the sufficiency of the evidence. A challenge to the sufficiency of evidence implicates the following principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the

evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

The Pennsylvania Crimes Code provides the following definition for criminal trespass:

### § 3503.  Criminal trespass

\*    \*    \*

**(b)    Defiant trespasser.—**

(1)    A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i)    actual communication to the actor;

\*    \*    \*

18 Pa.C.S.A. § 3503(b)(1)(i).[3]

---

[3] We recognize that subsections (b.1)(1)(iv) and (b.1)(2) of 18 Pa.C.S.A. § 3503 **Criminal trespass** were recently declared unconstitutional in *Leach v. Commonwealth*, 141 A.3d 426 (Pa. 2016) (holding that 18 Pa.C.S.A. § 3503(b.1)(1)(iv), (b.1)(2) violates the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution). However, we note the holding in
*(Footnote Continued Next Page)*

Appellant argues the Commonwealth failed to establish the elements of criminal trespass because the Commonwealth did not present evidence that Appellant entered Mr. Belgrave's residence. Instead, Appellant emphasizes that she stood on the sidewalk while requesting to see her children and the Commonwealth failed to demonstrate that Appellant could not be standing on the sidewalk while requesting to see her children. Appellant further maintains the Commonwealth failed to produce a court order indicating Appellant was prohibited from visiting her children at Mr. Belgrave's residence. Thus, Appellant claims insufficient evidence supports her conviction for criminal trespass because she was permitted to be at Mr. Belgrave's residence.

> Instantly, the trial court addressed this issue as follows:
>
> [Appellant] received actual notice of the prohibition from returning. Earlier that day, Mr. Belgrave told [Appellant] to leave and not return. Police also told [Appellant] to stay away and provided Mr. Belgrave with a note evidencing their warning to her. [Appellant] acted in defiance of such actual communication by returning to the premises later the same day.
>
> [Appellant] having received notice against trespass by actual communication, the Commonwealth was not required to prove, as [Appellant] suggests, that a [c]ourt [o]rder barred her from the premises.

Trial Court Opinion, filed 5/26/16, at 4 (internal citations to the record omitted).

*(Footnote Continued)* ─────────────

***Leach*** does not affect our disposition in the instant case because Appellant was sentenced under subsection (b)(1)(i).

The record supports the trial court's reasoning. Appellant's claim that she was permitted to be at Mr. Belgrave's residence was obviously rejected by the members of the jury who were the *sole* judges of credibility at trial. *See Hansley*, 24 A.3d at 416.

Appellant next contends the court improperly instructed the jury to consider that the police contacted Appellant, stated she was prohibited from returning to Mr. Belgrave's residence, and gave a card to Mr. Belgrave documenting Appellant's notice of prohibition as a basis for the charge of criminal trespass. Appellant complains the court did not state the jury should first determine Mr. Belgrave's credibility and then determine whether to believe the police contacted Appellant. Appellant further complains the Commonwealth failed to question Mr. Belgrave regarding whether the police actually contacted Appellant and failed to introduce an incident report detailing these events. Based on the foregoing and in light of the fact that the jury was hung regarding Appellant's simple assault charge, Appellant asserts her criminal trespass verdict shocks one's sense of justice.[4] Appellant concludes this Court should vacate Appellant's sentence and order her a new trial. We disagree.

_____

[4] We note Appellant objects to the trial court's issuance of an instruction in the context of a weight-of-the-evidence claim, which we observe has been properly preserved for appellate review. However, to the extent Appellant's argument may be construed as an objection to the trial court's instruction in and of itself, that claim is waived for Appellant's failure to object to the jury instructions. *See* Pa.R.A.P. 302(b).

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted).

Here, the trial court gave the following instruction to the jury:

[Attorney DeStefano (counsel for Appellant)]: Thank you, Judge. May we approach briefly?

[The court]: Yes.

\* \* \*

(A discussion was held off the record at sidebar.)

\* \* \*

(The following discussion was held on the record at sidebar:)

[The court]: All right. Counsel has raised the issue that there was prior police contact discussed in the opening. I'm going to briefly clarify—It would be objectionable; however, what he was referring to, [Attorney] Wilson [(counsel for the Commonwealth)], was that she in prior times was told not to be there, which is the basis for the charge of defiant trespass because you can't be defiant if you haven't been told, so I'm going to indicate to the jury that—and cure what could be a defect here. I'm going to tell the jury that the prior contact [has] nothing to do with the other charges and so one but that has simply to do with the fact that she was told to stay away from the property and by coming this time she allegedly, she may

have violated that and that forms the basis for the charge of defiant trespass.

[Attorney DeStefano]: Thank you.

(Discussion at sidebar was concluded.)

\*     \*     \*

[The court]: Ladies and gentlemen, during the [opening], [Attorney] Wilson indicated there was a prior police contact. It did not involve other charges. It is the contact of don't come to this house again that forms the basis for the defiant trespass because a defiant trespass is you've been told stay away and you defy that, you come back, allegedly. That's all we are saying. So we want you to understand it's not because she committed other acts. It only is the basis of the defiant trespass, being told to stay away, and then allegedly coming back in defiance of that warning.

N.T., Trial, 10/8/15, at 11-13. The court addressed Appellant's issue in its

Rule 1925(a) opinion as follows:

The [c]ourt properly articulated in its cautionary instruction the purpose for which the jury could consider evidence [of the] prior police contact, that is, whether [Appellant] received a warning which she disregarded. The instruction cured the potential that the jury would consider the evidence for an improper purpose. . . . Counsel did not object to the adequacy of the cautionary instruction.

\*     \*     \*

The weight of the evidence supports the jury's findings. [T]he evidence demonstrated that police and Mr. Belgrave instructed [Appellant] to stay away from the premises. The jury could easily conclude that she defied that instruction by returning to the premises that afternoon.

Finally, the jury's inability to reach a verdict charge of [s]imple [a]ssault does not call into question the verdict on the charge of [d]efiant trespass. It was within the province of the jury to

evaluate the credibility of each witness as [his or her] testimony related to the two charges. . . .

Trial Court Opinion, at 6-7 (internal citations omitted).

The trial court did not abuse its discretion in rejecting Appellant's claim that the verdict was against the weight of the evidence. **See Champney**, 832 A.2d at 408.

Based on the foregoing, we conclude Appellant's issues are without merit. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016